The Chief Justice
delivered the opinion of the court.
On the , 9th of February, 1781, John Floyd and Stephen Trigg entered into artiejes of agreement, whereby the former agreed to convey to the latter one thousand acres of land, in Fayette county, on Elkhorn, the place whereon M’ClelianV fort Stands — and (ive hundred acres adjoining thereto, for and in consideration of Trigg’s settlement and pre-emption on Harrod’s creek, and eight hundred acres ■on Gist’s Fork of Brasheers’ creek. ■
Trigg was the next year killed by the Indians, and in the year following Floyd was also killed, but had previously made his will, whereby he director] his executors there- *73 iil named, to convey to the heirs of Trigg, “one thousand acres of land in Fayette, called the uRoyal Spring Tract.” Sometime thereafter, Cobb filed his bill in the former supreme court for the district of Kentucky, alledging that he had purchased from Trigg in his life-time, the tract of 1000 acres, known by the name of the “Royal Spring Tract,” to which suit he made Trigg’s heirs and Floyd’s executors, defendants, and prayed that the conveyance should be made to him. On a final hearing of the cause, that court decreed Floyd’s executors to convey to Cobb, and a conveyance was accordingly made by them. Cobb afterwards conveyed- to Craig, who sold and conveyed distinct parcels to different individuals.
Aiirecün hl3 ex’ors to con-, vev a trac^ by known appel-ution, autho-^ec^‘ Veythe whole of the tract, r“ay much larger quantity,tiian the patent.exP‘esscst
The Royal Spring tract, on which M’Clellan’s fort stood, was a military survey, purporting to contain only one thousand acres; but the heirs and devisees of Floyd having discovered that it contained, in fact, considerably above two thousand acres, filed their bill against those persons holding different parcels under the several conveyances made by Craig, in order to recover from them the surplus. On a final hearing, their bill was dismissed, and they have appealed to this court.
Whether Floyd was bound by the terms of the original contract with Trigg to convey the whole tract in question, notwithstanding it contained such an unusually large surplus, we do not think it important to enquire. It is plain, that he has by his will authorised his executors to convey the Whole tract: For he directed them to convey .1000 a-eres in Fayette, called the “Royal Spring tract,” and the whole tract, was known, as appears by the testimony in the cause, ás a tract of 1000 acres by the name of the “Royal Spring tract;” and if the executors were author-ised to convey the whole .tract, it is equally plain that their conveyance to Cobb must have transferred to him the legal title to the whole, for most unquestionably the decree the former supreme court for the district of Kentucky, was sufficient to justify the executors of Floyd in making the conveyance to Cobb, instead of making it to the heirs of Trigg, as they were directed by the will; and such, we apprehend, is the only effect that decree can have in this case, Assuming, then, the position to be correct, that the legal title to the whole tract was transferred by the conveyance of the executors of Floyd to Cobb, and that, consequently, it passed by the subsequent conveyances to the defendants, *74 it is evident that whatever right in equity the complainants may have to the surplus, according to the terms of the original contract between Floyd and Trigg, they ean-not recover in this Case. For the defendants alíédge themselves to be purchasers without notice of the complainants’ equity, and the latter have not only failed to prove notice, but have not averred the fact of notice. Being, then, innocent purchasers, their equity is, at least, equal to that of the complainants; consequently, there is no principle upon which a court of equity can interfere to divest them of the legal title, for it is an established maxim, that where the equity of the parties is equal, the law must prevail. On the same principle, relief was refused by this court in the cases of Powell vs. Eve, and Botts vs. Macbee, 2 Bibb, 317 and 318.a
Purchasers under the executor’s deed will be protected.
Littell and Wickliffe for appellants, Hardin and Bibb ios appellees.
The decree of the court below must be affirmed with costs.

 Vide post, Cleveland vs. Rogers, sp’ng term, 1818, & Whaly vs. Elliot’s "hrs. fall term, 1818.