The Chief Justice
delivered the opinion of the court.
This was an action of detinue for suudry slaves, brought by the executors of Isom Enlaws against Mary Enlaws, big ividow.
The pause was t ried on the general issue, and the jury found a special verdict, from which it appears that the appellant, in virtue of the will of her former husband, had an estate for her life in a slave named Nancy; and being possessed thereof in 1792, intermarried with the plaintiffs’s testator; that after the intermarriage, the slaves in controversy were born of the slave Nancy while, in the possession of the testator; and that in July, 1816. he departed ibis life, having previously duly made and published his will, which, after providing for the payment of his debts, contains the following clauses: ,‘T.iem, my will is, that my property, both real and personal, continue undivided until my youngest daughter, Malvina Enlaws, arrives at the age of twenty-one years, or until all my children are married; and upon either of those events, that said property be equally divided share and share alike between my said children, to wit, Abraiiam Enlaws, Thomas Brooks Enlaws, Polly Éa- *229 laws, Lydia Enlqws, Betsy Enlaws and Malvina Enlaws, and their mother, my beloved wife, Mary Enlaws. Item, in case my son. Abraham Enlaws, should prefer taking one hundred acres of land, to be stricken off to him by a line running parallel to my upper boundary line, and including the house in which he now lives, in lieu of the e'qual undivided share of my landed property, as mentioned in the next preceding item, my will is, that he be permitted to do so; and that be retain possession of the same as he now holds it.”
The slave* of a wife immediately on marriage vests in the husband, and though she may sui v ve him,her right is not revived
Slaves devised vest in the d visee, ai ddono* go to t lie ex’or as assets — Vn’e 1 Mar. 74, iron’s ex. vs. Luckey, acc.
It also appears that the defendant, within a year after the death of the testator, renounced the provision made tor her by the will, and that one third of the estate, real and personal and slaves, except those now in contest, were allotted to her for her dower; that Malvina Enlaws was eleve» years of age in May, 1819; that she and her sisters Mary and Elizabeth live with the defendant, on the place on which the testator died; that Lydia Enlaws was married before the death of the testator, and lived apart from his familr, and still does so; that Abraham Enlaws, after the testator’s death, lived for some time with his mother, the defendant, and again returned to and occupies the place de? Vised to him; and that the defendant had, at the commence? Eieiit of this suit, the possession of-the slaves in controversy, the value of each of which is found by the jury. The circuit court being of opinion that the law was for the defendant, gave judgment accordingly; from which the plaintiffs prosecute this appeal.
The right which the defendant had in Nancy, the mother of the slaves in dispute, was unquestionably, on her intermarriage with the testator, transferred by operation of law to him, and of course she can have no right to the slaves in question, other than that which she derives through him.
To enable the plaintiffs to recover, however, ii is not sufficient that the defendant has no right. They must shew that as executors, in which character they sue, they themselves have right. It has heretofore been decided by this court, that slaves, which are not disposed of by will, are made assets in the hands of the executor or administrator of the testator or intestate, and that he will have a right to their possession for the purposes of administration; but that, where they are devised by will, they pass immediately to the devisee as lands do. and are not assets in the hands «if the personal representative, and that of course he has *230 no r|g'|1t <o their possession. In this case it i* perfectly char, that (he testator intended to dispose of the slaves in question by his will Bui it is contended Tor the plaintiffs, that, as they are devised to the children of the.testator, who were his heirs, th.it they take not under the will, but by de» scent. The general rule in this respect is, that « here the ^tv,9e 8'ves to the heir the same estate in quality as he would have by descent, he shall take bv the latter title-, jjut in tins case the devise does not give to the devisees the Si*me estate in quality which they would have had by de? seem; hr-if they had taken by descent, they would have been in as co partntrs, and the estate would have been subjtcl ÍQ mtmediate partition; whereas, the will makes the es,ate indivisible until the contingency shall happen, which is mentioned in the devise. Besides, the estate is directed |0 (je divided, when the contingency mentioned should bap-Pe|1> between the children and their mother, who was not an heir of the testator, which would make them tenants in common of the fee, and not co partners. And although the mother renounced the provision made for her hv the will, her renunciation could not alter the nature or quality of the estate given to the other devisees. They would still continue to be tenants in common with each other.
b^mvte^U) heirs f n s ta ;• rrecisety natu— oí''*6 gmiiiti/.ist' at vilu ’ > ouid d'dTtf their th -v witl^be considev dto be p isessed net eS')ynp«r-chase.
Hardin for appellant, Crittenden for appellee.
The judgment must be affirmed with costs.